ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 30, 2008

Mr. James A. Cox, Jr.
Chairman, Texas Lottery Commission
Post Office Box 16630
Austin, Texas 78761-6630

Opinion No. GA-0675

Re: Whether section 521.126 of the Transportation Code permits the Texas Lottery Commission to use electronically readable information encoded on the magnetic stripe of a driver's license to verify the age of persons using self-service terminals and vending machines to purchase lottery tickets (RQ-0705-GA)

Dear Mr. Cox:

You ask whether section 521.126 of the Transportation Code permits the Texas Lottery Commission (the "Commission") to use electronically readable information encoded on the magnetic stripe of a driver's license to verify the age of persons using self-service terminals and vending machines to purchase lottery tickets.[1]

We first address the authority of the Commission. Chapter 466 of the Government Code relates to the state lottery. *See* TEX. GOV'T CODE ANN. § 466.001 (Vernon 2004) ("This chapter may be cited as the State Lottery Act."). Under this chapter, a "sales agent or an employee of a sales agent commits an offense if the person intentionally or knowingly sells or offers to sell a [lottery] ticket to an individual that the person knows is younger than 18 years of age." *Id.* § 466.3051(a). An offense under this subsection is a Class C misdemeanor. *Id.* § 466.3051(e).[2] You explain the operation of a self-service terminal or vending machine as related to compliance with this statutory restriction:

> [This] approach would be to access the electronically readable
> information encoded on the magnetic stripe on the back of the Texas

---

[1]Letter from James A. Cox, Jr., Chairman, Texas Lottery Commission, to Honorable Greg Abbott, Attorney General of Texas (Apr. 24, 2008) (on file with the Opinion Committee, *also available at* www.texasattorneygeneral.gov) [hereinafter Request Letter].

[2]Likewise, a person under the age of eighteen years commits an offense if he or she purchases a lottery ticket or falsely represents himself or herself to be at least eighteen years of age in order to purchase a lottery ticket. TEX. GOV'T CODE ANN. § 466.3051(b) (Vernon 2004). Such an offense is punishable by a fine not to exceed $250. *Id.* § 466.3051(f).

driver's license. The information accessed would not be stored in the machines. Rather, the machines would simply check the age to determine whether or not to allow the transaction to go forward. The information accessed would not be maintained, compiled or used for any purpose other than verifying [that] the purchaser is over the age of 18. Further, the licensed retailer would not have access to information encoded on the magnetic stripe on the back of the Texas driver's license.

Request Letter, *supra* note 1, at 1 (footnote omitted).

The access or use of electronically readable information on a driver's license is governed by section 521.126 of the Transportation Code. That statute provides in relevant part that "[e]xcept as provided by Subsections (d), (e), (g), (i), and (j), a person commits an offense if the person: (1) accesses or uses electronically readable information derived from a driver's license, commercial driver's license, or personal identification certificate." TEX. TRANSP. CODE ANN. § 521.126(b)(1) (Vernon Supp. 2008). Section 521.126(d) sets out exceptions to the access and use of electronically readable information from a driver's license and reads as follows:

(d)    The prohibition provided by Subsection (b) does not apply to a person who accesses, uses, compiles, or maintains a database of the information for a law enforcement or governmental purpose, *including*:

(1)    an officer or employee of the department [of Public Safety] carrying out law enforcement or governmental purposes;[3]

(2)    a peace officer, as defined by Article 2.12, Code of Criminal Procedure, acting in the officer's official capacity;

(3)    a license deputy, as defined by Section 12.702, Parks and Wildlife Code, issuing a license, stamp, tag, permit, or other similar item through use of a point-of-sale system under Section 12.703, Parks and Wildlife Code;

(4)    a person acting as authorized by Section 109.61, Alcoholic Beverage Code;

(5)    a person establishing the identity of a voter under Chapter 63, Election Code;

---

[3]The term "department" is defined for purposes of chapter 521 of the Transportation Code as "the Department of Public Safety." TEX. TRANSP. CODE ANN. § 521.001 (Vernon 2007).

      (6)   a person acting as authorized by Section 161.0825, Health and Safety Code; or

      (7)   a person screening an individual who will work with or have access to children if the person is an employee or an agent of an employee of a public school district or an organization exempt from federal income tax under Section 501(c)(3), Internal Revenue Code of 1986, as amended, that sponsors a program for youth.

*Id.* § 521.126(d) (emphasis added) (footnote added). Thus, the issue before us is whether compliance with section 466.3051(a) of the Government Code as effectuated in relation to a lottery self-service terminal or vending machine may be said to have a "law enforcement or governmental purpose" as contemplated by section 521.126(d) of the Transportation Code.

In 2006, this office said that the general prohibition of section 521.126 "does not prohibit a retailer, acting in compliance with section 486.014 of the Health and Safety Code, from electronically recording and storing personal data from the driver's license of a person who purchases certain nonprescription drugs that could be used in the manufacture of methamphetamine." Tex. Att'y Gen. Op. No. GA-0464 (2006) at 5. Because section 521.126(d) of the Transportation Code does not specifically list compliance with section 486.014 of the Health and Safety Code as one of the exceptions to the general prohibition, GA-0464 considered whether compliance with that section could be said to have a "law enforcement or governmental purpose" as contemplated by section 521.126. *See* TEX. TRANSP. CODE ANN. § 521.126(d) (Vernon Supp. 2008); Tex. Att'y Gen. Op. No. GA-0464 (2006) at 4. The opinion, relying on section 311.005(13) of the Government Code, first noted that the term "include" in a statute "is a 'term[] of enlargement and not of limitation or exclusive enumeration, and use of the term[] does not create a presumption that components not expressed are excluded.'" Tex. Att'y Gen. Op. No. GA-0464 (2006) at 3 (quoting section 311.005(13) of the Government Code). The opinion then cautioned, however, that "to be included with a statute's illustrative list, an unenumerated activity must be like the items enumerated." *Id.*; *see also County of Harris v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978) (construing the phrase "such as" in a statute listing "special defects such as" in light of the ejusdem generis doctrine "to include those defects of the same kind or class as the ones expressly mentioned").

Although a retailer of pharmaceutical drugs was not specifically listed among those persons exempted from the section 521.126 general prohibition, the opinion primarily focused on the fact that section 486.014, Health and Safety Code, forbade the sale of certain products to persons under the age of sixteen years. Tex. Att'y Gen. Op. No. GA-0464 (2006) at 2–3. The opinion then analogized the requirement found in section 486.014 of the Health and Safety Code to those listed in the specific exceptions to section 521.126(d) of the Transportation Code, permitting a retailer's access or use of electronically readable information on a driver's license to aid enforcement of a state law. *See id.* at 4. The opinion concluded that the sole purpose of the retailer's access to or use of the information was to serve a law enforcement or governmental purpose. *Id.* at 4–5.

Likewise, in the situation you pose, the purpose and operation of the restriction on the sale of lottery tickets to persons under the age of eighteen years is analogous to certain specific exceptions listed in section 521.126(d), especially those having to do with the sale of alcoholic beverages to persons under the age of twenty-one years in section 521.126(d)(4), and with the sale of tobacco products to persons under the age of eighteen years in section 521.126(d)(6). The sole purpose of accessing the information in question is to permit the Commission to enforce the requirement of section 466.3051(a) of the Government Code: to prohibit the sale of lottery tickets to persons under the age of eighteen years. As such, section 466.3051(a) describes a law enforcement or governmental purpose exception to section 521.126 of the Transportation Code.[4]

In answer, then, to your specific question, because the use of electronically readable information on a driver's license to verify the age of a person attempting to purchase a lottery ticket serves a legitimate law enforcement or governmental purpose, the Commission is not prohibited by section 521.126 of the Transportation Code from using self-service terminals and vending machines to accomplish that purpose.

---

[4]In fact, the use of the machine-reading device of which you inquire is substantially less intrusive upon the privacy of an individual than was the case in Attorney General Opinion GA-0464. A letter from your assistant general counsel informs us that the Commission, rather than the retailer, "has control of the ITVM and SST machines placed in retailer locations." In addition, "GTECH, as the lottery operator and through the lottery operator contract, places the machines and performs maintenance on the machines." Most significantly, "[t]he data from the driver's license magnetic stripe would not be collected or maintained in any way by the machine, GTECH, or the retailer." To summarize, "only the machine itself, on behalf of the Texas Lottery Commission, accesses the data from the driver's license." Letter from Deanne F. Rienstra, Assistant General Counsel, Texas Lottery Commission, to Rick Gilpin, Assistant Attorney General, Opinion Committee, at 1 (July 24, 2008) (on file with the Opinion Committee).

## S U M M A R Y

Because the use of electronically readable information on a driver's license to verify the age of a person attempting to purchase a lottery ticket serves a legitimate law enforcement or governmental purpose, the Texas Lottery Commission is not prohibited by section 521.126 of the Transportation Code from using self-service terminals and vending machines to accomplish that purpose.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee